UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL SEAN SEAMON, | ) |
| | ) |
| Plaintiff, | )   03:10-cv-06421-HU |
| | ) |
| vs. | )   **FINDINGS AND** |
| | )   **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

_____

Kathryn Tassinari
Mark A. Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street
Eugene, OR 97401

    Attorneys for Plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Richard Rodriguez
Social Security Administration
Office of General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

1 - FINDINGS AND RECOMMENDATIONS

**HUBEL, J.,**

Before the court is plaintiff Michael Sean Seamon's ("Plaintiff") stipulated motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's counsel seeks approval of an EAJA award in the amount of $3,475.86. For the reasons set forth below, Plaintiff's motion (Docket No. 18) for EAJA fees should be **GRANTED**.

### *I.   PROCEDURAL BACKGROUND*

Plaintiff filed this action on December 20, 2010, seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. In his opening brief, filed on December 7, 2011, Plaintiff asserted four grounds upon which the Administrative Law Judge's ("ALJ") decision should be reversed: (1) the ALJ erred by failing to develop the record regarding Plaintiff's cognitive and mental limitations; (2) the ALJ erred by failing to find that Plaintiff's cerebral palsy condition met or equaled the criteria of Listing 11.07; (3) the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony; and (4) the Commissioner did not meet his burden of proving that Plaintiff retains the ability to perform "other work" in the national economy.

On March 1, 2012, the parties, acting through their respective counsel, stipulated that this case be reversed and remanded to the Commissioner for further administrative proceedings before an ALJ, a de novo hearing, and new decision. On remand, the ALJ was directed to (1) retrieve, include as an exhibit, and evaluate the

2 - FINDINGS AND RECOMMENDATIONS

missing 1995 report by Dr. David Starr, wherein Dr. Starr found Plaintiff suffered from a learning disability; and (2) order a new neuropsychological consultative examination. Based on the stipulation of the parties, on March 5, 2012, Judge Hernandez entered an Order and Judgment of Remand pursuant to sentence four of 42 U.S.C. § 405(g).

## *II. DISCUSSION*

EAJA requires an award of attorneys' fees to a prevailing plaintiff in a Social Security appeal, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). In this case, it is apparent Plaintiff was the prevailing party and the Commissioner's position was not substantially justified. *See Olive v. Comm'r Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (recognizing that a social security claimant who obtains a remand order pursuant to sentence four of § 405(g) is a "prevailing party" for purposes of EAJA); *Ward v. Astrue*, 2012 WL 1820579, at *1 (M.D. Fla. May 18, 2012) (noting that the Commissioner in effect concedes his position was not "substantially justified" by stipulating to remand and not opposing a request for EAJA fees). Nevertheless, even absent specific objections by the opposing party, the court has an independent duty to scrutinize a fee request to determine its reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993).

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley v. Eckerhart*, 461 U.S. 424, 433

3 - FINDINGS AND RECOMMENDATIONS

1  (1983), which results in a "lodestar." *Webb v. Ada County, Idaho*,
2  195 F.3d 524, 527 (9th Cir. 1999) (citation omitted).  The district
3  court enjoys "considerable discretion" in determining what
4  attorneys' fee is reasonable and "may downwardly adjust either the
5  components of the lodestar or the lodestar itself to reflect the
6  results obtained." *Id.*

7       The time records submitted with Plaintiff's motion indicate
8  that attorney Kathryn Tassinari expended 19.25 hours on this case
9  (3.10 hours in 2010; 6.80 hours in 2011; and 9.35 hours in 2012).
10 The majority of Tassinari's time was spent reviewing the 285-page
11 transcript and drafting, editing and finalizing her 16-page opening
12 brief.  This court recognizes a range of 20-40 hours to be "a
13 reasonable amount of time to spend on a social security disability
14 case that does not present particular difficulty."  *Harden v.*
15 *Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215-16 (D. Or.
16 2007).  Kathryn Tassinari's claimed hours are on the low end of the
17 spectrum -- something this Judge is not accustomed to seeing from
18 social security practitioners in this district.

19      In considering the applicable hourly rate, the statute itself
20 sets a $125 per hour ceiling "unless the court determines that an
21 increase in the cost of living . . . justifies a higher fee."  28
22 U.S.C. § 2412(d)(2)(A).  To adjust for the cost of living, the
23 Ninth Circuit applies the national Consumer Price Index for All
24 Urban Consumers (the "CPI-U"), not seasonally adjusted, and
25 applying the "all items" index.  *Jones v. Espy*, 10 F.3d 690, 692-93
26 (9th Cir. 1993). The cost-of-living increase is "calculated by
27 multiplying the $125 statutory maximum hourly rate by the . . .
28 CPI-U for the years in which the attorney's work was performed and

4 - FINDINGS AND RECOMMENDATIONS

dividing by the CPI-U figure for March 1996 (155.7), the effective date of the statutory maximum hourly rate." *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir.2009) (citing *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir.2005)).

The EAJA-adjusted hourly rate for 2010 is $175.06;[1] for 2011 is 180.59;[2] and for 2012 is 184.50.[3] Multiplying counsel's requested hours for the respective years results in attorney fees of $542.69 for 2010 (3.10 hour x $175.06); $1,228.01 for 2011 (6.80 hours x $180.59); and $1,725.08 for 2012 (9.35 hours x $184.50); for a total of $3,495.78 for all three years. This amount is slightly more than the $3,475.86 requested in Tassinari's stipulated motion for EAJA fees. In any event, after reviewing the EAJA request, it is clear that Tassinari seeks a reasonable fee for efficient handling of this case.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiff's stipulated motion (Docket No. 18) for EAJA fees should be **GRANTED**. Plaintiff's counsel should be awarded $3,475.86 in EAJA fees.

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **October 8, 2012**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **October 25, 2012**. When the response is due or

---

[1] $125 x (2010 annual index of 218.056/155.7)= $175.06.

[2] $125 x (2011 annual index of 224.943/155.7)= $180.59.

[3] $125 x (2012 annual index of 229.815/155.7)= $184.50.

filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 18th day of September, 2012.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATIONS