1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                            DISTRICT OF OREGON

                             PORTLAND DIVISION
10

11  MICHAEL SEAN SEAMON,                    No. 03:10-cv-06421-HU

12            Plaintiff,                    **FINDINGS AND**
                                            **RECOMMENDATION**
13       vs.

14  CAROLYN W. COLVIN, Acting
    Commissioner of Social Security,
15
              Defendant.
16  ─────────────────────────────────

17  Kathryn Tassinari
    Mark A. Manning
18  Harder, Wells, Baron & Manning, P.C.
    474 Willamette Street, Suite 200
19  Eugene, OR 97401

20       Attorneys for Plaintiff

21  S. Amanda Marshall
    United States Attorney
22  Adrian L. Brown
    Assistant United States Attorney
23  District of Oregon
    1000 SW Third Avenue, Suite 600
24  Portland, OR 97204-2902

25  Richard Rodriguez
    Social Security Administration
26  Office of General Counsel
    701 Fifth Avenue, Suite 2900, M/S 221A
27  Seattle, WA 98104-7075

28       Attorneys for Defendant

    Page 1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Currently before the Court is Plaintiff Michael Seamon's ("Plaintiff") unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). The fee requested is $4,580.50, which Plaintiff's counsel represents to be "25% of Plaintiff retroactive benefits, less $5,912, a sum that was paid to Mark Manning, one of the attorneys of record for Plaintiff, under 42 U.S.C. § 406(a) for his services to Plaintiff in the administrative proceeding." (Pl.'s Mot. at 1.) Based on the factors established in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and explained in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), Plaintiff's motion (Docket No. 24) for § 406(b) fees should be granted.

## I. BACKGROUND

Plaintiff filed this action on December 20, 2010, seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. In his opening brief, filed on December 7, 2011, Plaintiff asserted four grounds upon which the Administrative Law Judge's ("ALJ") decision should be reversed: (1) the ALJ erred by failing to develop the record regarding Plaintiff's cognitive and mental limitations; (2) the ALJ erred by failing to find that Plaintiff's cerebral palsy condition met or equaled the criteria of Listing 11.07; (3) the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony; and (4) the Commissioner did not meet his burden of proving that Plaintiff retains the ability to perform "other work" in the national economy.

Page 2 - FINDINGS AND RECOMMENDATION

1    On March 1, 2012, the parties, acting through their respective
2  counsel, stipulated that this case be reversed and remanded to the
3  Commissioner for further administrative proceedings before an ALJ,
4  a de novo hearing, and new decision.  On remand, the ALJ was
5  directed to (1) retrieve, include as an exhibit, and evaluate the
6  missing 1995 report by Dr. David Starr, wherein Dr. Starr found
7  Plaintiff suffered from a learning disability; and (2) order a new
8  neuropsychological consultative examination.  Based on the
9  stipulation of the parties, on March 5, 2012, Judge Hernandez
10  entered an Order and Judgment of Remand pursuant to sentence four
11  of 42 U.S.C. § 405(g).

12    On October 16, 2012, Judge Hernandez adopted this Court's
13  Findings and Recommendation, wherein it recommended granting
14  Plaintiff's stipulated motion for attorney's fees under the Equal
15  Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  About one year
16  later, on October 9, 2013, after receiving a favorable decision
17  upon reconsideration, Plaintiff filed his motion for § 406(b) fees,
18  which is presently before the Court.  Although Plaintiff was
19  awarded $3,475.86 in EAJA fees in October 2012, the award "was
20  garnished to pay Plaintiff's debt to the government and therefore
21  will not be subtracted" from counsel's motion for § 406(b) fees.
22  (Pl.'s Mot. at 1-2.)

23                    **II.  LEGAL STANDARD**
24  **A.    The Statute**

25    In Social Security cases, attorney fee awards are governed by
26  § 406(b), which provides in pertinent part:

27        (1)(A) Whenever a court renders a judgment favorable to
           a claimant under this subchapter who was represented
28        before the court by an attorney, the court may determine

Page 3 - FINDINGS AND RECOMMENDATION

1   and allow as part of its judgment a reasonable fee for
2   such representation, not in excess of 25 percent of the
    total of the past-due benefits to which the claimant is
    entitled by reason of such judgment[.]

3

4   42 U.S.C. § 406(b)(1)(A).

5   **B.    Controlling Precedent**

6       *Gisbrecht* concerned fees awarded under § 406(b).  *Gisbrecht*,
7   535 U.S. at 792.  Specifically, the Supreme Court addressed the
8   question, which sharply divided the Federal Courts of Appeals:
9   "What is the appropriate starting point for judicial determinations
10  of a reasonable fee [under § 406(b)] for representation before the
11  court?"  *Id.*

12      For the purposes of the opinion, the Supreme Court
13  consolidated three separate actions where the District Court, based
14  on Circuit precedent, declined to give effect to the attorney-
15  client fee arrangement.  *Id.* at 797.  Instead, the District Court
16  employed a lodestar method whereby the number of hours reasonably
17  devoted to each case was multiplied by a reasonable hourly fee.
18  *Id.* at 797-98.  The *Gisbrecht* court concluded that § 406(b)
19  requires a court to review the contingent-fee arrangement, to
20  assure they yield reasonable results.  *Id.* at 807.  Congress
21  provided one boundary line: contingent-fee agreements are
22  unenforceable if they exceed 25% of past-due benefits.  *Id.* Within
23  that 25% boundary, however, "the attorney for the successful
24  claimant must show that the fee sought is reasonable for the
25  services rendered."  *Id.*

26      Courts are instructed to first test the contingent-fee
27  agreement for reasonableness.  *Id.* at 808.  An award of § 406(b)
28  fees can be appropriately reduced based on (1) the character of the

Page 4 - FINDINGS AND RECOMMENDATION

1  representation; (2) the results achieved; (3) when representation

2  is substandard; (4) if the attorney is responsible for delay; and

3  (5) if the benefits are large in comparison to the amount of time

4  counsel spent on the case. *Id.* The claimant's attorney may be

5  required to submit a record of hours spent representing the

6  claimant and a statement of the lawyer's normal hourly billing

7  charge for noncontingent-fee cases in order to aid the court's

8  assessment of reasonableness. *Id.* Lastly, the *Gisbrecht* court

9  added that "[j]udges of our district courts are accustomed to

10 making reasonableness determinations in a wide variety of contexts,

11 and their assessments in such matters, in the event of an appeal,

12 ordinarily qualify for highly respectful review." *Id.*

13     In *Crawford*, the Ninth Circuit reviewed three consolidated

14 appeals and determined that, in each case, the district court

15 failed to comply with *Gisbrecht's* mandate. *Crawford*, 586 F.3d at

16 1144. In each of the three cases, the claimant signed a written

17 contingent-fee agreement whereby the attorney would be paid 25% of

18 any past-due benefits awarded. The *Crawford* court noted that

19 contingency-fee agreements, which provide for fees of 25% of past-

20 due benefits, are the norm for Social Security practitioners. *Id.*

21 at 1147. However, since the Social Security Administration ("SSA")

22 "has no direct interest in how much of the award goes to counsel

23 and how much to the disabled person, the district court has an

24 affirmative duty to assure the reasonableness of the fee is

25 established." *Id.* at 1149. Performance of that duty begins by

26 asking whether the amount of the fee agreement need be reduced. *Id.*

27     At the outset, the attorneys requested fees representing

28 13.94%, 15.12% and 16.95% of past-due benefits, *id.* at 1145-47,

Page 5 - FINDINGS AND RECOMMENDATION

1   because they felt "the full 25% fee provided for by their fee
2   agreements would be unreasonable." *Id.* at 1150 n.8.  If the
3   attorneys had received the 25% fee provided for by their
4   agreements, they would have been awarded fees ranging from
5   $19,010.25 to $43,055.75.  *Id.* at 1150.  Even so, the district
6   courts still reduced the contracted fees by between 53.7% and
7   73.30%, which produced fees that represented 6.68% to 11.61% of the
8   past-due benefits.  *Id.*  All three decisions were reversed because
9   they relied on lodestar calculations and rejected the primacy of
10  lawful attorney-client fee agreements.  *Id.*  That is to say, the
11  district courts erroneously began with a lodestar calculation by
12  comparing the lodestar fee to the requested fee award.  *Id.*  As the
13  Ninth Circuit recognized:

> In *Crawford*, for example, the district court awarded
> 6.68% of the past-due benefits. From the lodestar point
> of view, this was a premium of 40% over the lodestar. .
> . . But from the contingent-fee point of view, 6.68% of
> past-due benefits was over 73% less than the contracted
> fee and over 60% less than the [already] discounted fee
> the attorney requested. Had the district court started
> with the contingent-fee agreement, ending with a 6.68%
> fee would be a striking reduction from the parties' fee
> agreement.  This difference underscores the practical
> importance of starting with the contingent-fee agreement
> and not just viewing it as an enhancement.

21  *Id.* at 1150-51.[1]

## III. DISCUSSION

### A.   The Fee Arrangement

24       Here, a contingent-fee agreement exists between Plaintiff and
25  his attorney, which states: "My attorney and I agree that if SSA
26  favorably decides the claim, I will pay my attorney a fee equal to

---

28       [1]  The attorneys in *Washington* and *Trejo* were dealt a 23% and
    47% reduction, respectively.  *Id.* at 1151 n.9.

1   25% of the past-due benefits resulting from my claim or [the
2   maximum amount recoverable under § 406(a)], whichever is less."
3   (Pl.'s Mem. Supp., Ex. C at 1.)  By its terms, the contingent-fee
4   agreement is within the statutory limits.

5       The next inquiry is whether the fee sought exceeds § 406(b)'s
6   25% ceiling, which requires evidence of total past-due benefits.
7   *Dunnigan v. Astrue*, No CV 07-1645-AC, 2009 WL 6067058, at *9 (D.
8   Or. Dec. 23, 2009).  According to the SSA's Notice of Award,
9   Plaintiff received $41,970 in past-due benefits and the SSA
10  withheld 25% ($10,492.50) to cover potential attorneys' fees under
11  § 406(b).  Plaintiff's counsel only seeks $4,580.50 in fees, which
12  represents the difference between 25% of past-due benefits awarded
13  ($10,492.50) and the amount awarded to Mark Manning under § 406(a)
14  ($5,912).

15  **B.  The Reasonableness of the Fee Sought**

16      Since the statutory ceiling has not been exceeded, the Court
17  turns now to my primary inquiry, the reasonableness of the fee
18  sought.

19      **1.    Character of Representation**

20      Substandard performance by a legal representative warrants a
21  reduction in a § 406(b) fee award, as *Gisbrecht* and *Crawford* make
22  clear.  *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151.
23  Examples of substandard representation include poor preparation for
24  hearings, failing to meet briefing deadlines, submitting documents
25  to the court that are void of legal citations, and overbilling
26  one's clients.  *Dunnigan*, 2009 WL 6067058, at *11 (citing *Lewis v.*
27  *Sec'y of Health and Human Servs.*, 707 F.2d 246, 250-51 (6th Cir.
28  1983)).

Page 7 - FINDINGS AND RECOMMENDATION

1    The record in this case provides no basis for a reduction in
2   the requested § 406(b) fee due to the character of counsel's
3   representation.

4        **2.   The Results Achieved**

5        With respect to the results achieved, the Court's assessment
6   should focus on whether counsel's efforts made a meaningful and
7   material contribution. *Dunnigan*, 2009 WL 6067058, at *11 (citation
8   omitted).  In this case, counsel made a meaningful and material
9   contribution to their client in this case.  Indeed, counsel's
10  opening brief clearly persuaded the Commissioner that remand was
11  necessary in this case, and upon remand, Plaintiff was awarded
12  past-due benefits.

13       **3.   Delay Attributable to the Attorney**

14       The Court may reduce a § 406(b) fee for delays in the
15  proceedings attributable to the claimant's attorney. *Crawford*, 586
16  F.3d at 1151.  The *Gisbrecht* court observed that a reduction on
17  this  ground  is  appropriate  if  the  requesting  attorney
18  inappropriately caused delay in proceedings, so that the attorney
19  "will not profit from the accumulation of benefits" while the case
20  is pending. *Gisbrecht*, 535 U.S. at 808.

21       No reduction is warranted under this factor.  Plaintiff's
22  counsel acted diligently throughout this proceeding.

23       **4.   Proportionality of the Fee Request to the Time Expended**

24       The Court may reduce a § 406(b) fee "for . . . benefits that
25  are not in proportion to the time spent on the case." *Crawford*,
26  586 F.3d at 1151 (citation omitted).  Courts may look to counsel's
27  record of hours spent and a statement of normal hourly billing in
28  order to make such a determination.  *Id*.

Page 8 - FINDINGS AND RECOMMENDATION

According to Plaintiff's counsel, 19.25 hours were reasonably expended on the merits of this case, which results in an effectively hourly rate of $545 ($4,580.50 plus $5,912 in fees under § 406(a), divided by 19.25) if the requested fee was approved. A much lower hourly rate of $237.95 is produced when the requested § 406(b) of $4,580.50 is divided by 19.25 hours. "There is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a Social Security case that does not present particular difficulty." *Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007). Because Plaintiff's fee request is not excessively large in relation to the benefits received, and because Plaintiff's expended a reasonable amount of time on this proceeding, no reduction is warranted under this factor.

## IV. CONCLUSION

For the reasons stated, Plaintiff's unopposed motion (Docket No. 24) for fees under § 406(b) should be granted. Plaintiff's counsel should be awarded $4,580.50 in § 406(b) fees.

///

///

///

## V. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **January 2, 2014**. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **January 21, 2014**. When the response is due or

1  filed, whichever date is earlier, the Findings and Recommendation

2  will go under advisement.

3       Dated this 9th day of December, 2013.

4                              /s/ Dennis J. Hubel

5                    _____
                         DENNIS J. HUBEL

6                    United States Magistrate Judge